UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| AUGUESTE BURTON,<br>　　Plaintiff,<br><br>　　v.<br><br>JULIE CRANE *et al.*,<br>　　Defendants. | )<br>)<br>)<br>)　　Case No. 25-4094<br>)<br>)<br>)<br>) |

ORDER

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court is a Complaint (Doc. 1) filed under 42 U.S.C. § 1983 by Plaintiff Augueste Burton, an inmate at Hill Correctional Center ("Hill"). Plaintiff also filed Motions for Counsel (Doc. 3) and a Motion for Extension of Time (Doc. 7).

**I.　Complaint**

　　**A. Screening Standard**

The Court must "screen" Plaintiff's complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. Upon reviewing the complaint, the Court accepts the factual allegations as accurate, construing them liberally in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be

provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

### B. Factual Allegations

Plaintiff's pleading names the following officials: Healthcare Administrator Nellie Boone, Nurse Practitioners Julie Crane and Casey Kramer, and Dr. Osmundson.

Plaintiff explains that in June 2023, while housed at Menard Correctional Center, he fell off the top bunk of his cell and injured his left knee, causing severe pain. Plaintiff alleges that Defendant Crane denied Plaintiff's request for a low-bunk permit.

Plaintiff was later transferred to Hill, and on October 11, 2023, Defendant Osmundson prescribed acetaminophen and meloxicam for noted minimal swelling on Plaintiff's left knee but denied Plaintiff's requests for a low bunk and low gallery permits. On November 7, 2023, Plaintiff was examined by Defendant Kramer, who told Plaintiff he did not meet the criteria for a low-bunk permit and scheduled Plaintiff for a magnetic resonance imaging ("MRI") scan of his knee, which occurred on December 22, 2023.

In January 2024, Defendant Osmundson prescribed Plaintiff a low-bunk permit but not a low-gallery permit based on Plaintiff's MRI scan results, which showed severe arthritis in Plaintiff's left knee. Osmundson told Plaintiff that Plaintiff must wait and see an orthopedist. In March 2024, an X-ray of Plaintiff's left knee revealed bone fragments that required removal. In May 2024, Defendant Kramer informed Plaintiff that his X-ray results revealed mild to moderate arthritis, which was part of the aging process.

### C. Analysis

Regarding Plaintiff's alleged violations at Menard Correctional Center, Plaintiff must file a separate lawsuit in the Southern District of Illinois, as venue lies in that District. *See* 28 U.S.C. 93(c) (outlining the Illinois counties comprising the Southern District of Illinois); *see also George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits, not only to prevent … morass … but also to ensure that prisoners pay the required filing fees ….").

"Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates 'deliberate indifference to serious medical needs of prisoners.'" *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). To succeed on a claim of deliberate indifference to a serious medical need, a plaintiff must satisfy a test that has both an objective and subjective part. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Under the objective part, a plaintiff must show that his medical condition is sufficiently severe. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Under the subjective part, the prison official must have acted with a "sufficiently culpable state of mind." *Id.* A "deliberate indifference" standard is used in the medical care context. *Estelle*, 429 U.S. at 104.

"A medical professional acting in his professional capacity may be held to have displayed deliberate indifference only if the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a

judgment." *Rasho v. Elyea*, 856 F.3d 469, 476 (7th Cir. 2017) (quoting *Sain v. Wood*, 512 F.3d 886, 895 (7th Cir. 2008) (internal quotation marks omitted)).

Construing Plaintiff's account as accurate, the Court concludes that Plaintiff's account is sufficient to state an Eighth Amendment deliberate indifference to serious medical needs claim against Defendants Kramer and Osmundson. However, Plaintiff's account does not state a claim against Defendant Boone, as Plaintiff does not mention acts or omissions to infer that Boone committed a constitutional violation. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

## II.  Counsel and Status

Plaintiff moves for the recruitment of counsel. Plaintiff has no constitutional right to counsel, and the Court cannot require an attorney to accept *pro bono* appointments in civil cases. The most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992) (holding that although indigent civil litigants have no constitutional right to counsel, a district court may, in its discretion, request counsel to represent indigent civil litigants in certain circumstances). In considering Plaintiff's motion for counsel, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

The Court concludes that the recruitment of counsel at this early stage of the proceedings is not warranted. As explained below, entry of the Court's Merit Review

Order begins the service phase. After Defendants have been served and filed their answers to Plaintiff's Complaint, which usually takes sixty days, the Court will enter a scheduling order to provide guidance and deadlines to assist Plaintiff during the discovery process. Therefore, Plaintiff's Motion for Counsel (Doc. 3) is denied.

Plaintiff's Motion for Extension of Time (Doc. 7) is denied. To the extent Plaintiff believes he is required to provide the Court additional material, he is mistaken.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motions for Counsel (Doc. 3) and for an Extension of Time (Doc. 7) are DENIED.**

2) **The Clerk of the Court is DIRECTED to terminate Nellie Boone and Julie Crane as parties.**

3) **According to the Court's screening of Plaintiff's Complaint [1] under 28 U.S.C. § 1915A, Plaintiff states an Eighth Amendment deliberate indifference claim against Defendants Kramer and Osmundson. Plaintiff's claim against Defendants proceeds in their individual capacity only. Additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or under Federal Rule of Civil Procedure 15.**

4) **This case is now in the process of service. The Court recommends that Plaintiff wait until counsel has appeared for Defendants before filing any motions to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will be denied as premature. Plaintiff need not submit evidence to the Court unless otherwise directed by the Court.**

5) **The Court will attempt service on Defendants by mailing a waiver of service. Defendant has sixty days from service to file an Answer. If Defendants have not filed their respective Answer or appeared through counsel within ninety days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive deadlines.**

6) **If a defendant no longer works at the address provided by Plaintiff, the entity for whom Defendant worked while at that address shall submit to the Clerk Defendant's current work address or, if not known, Defendant's forwarding**

address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be kept only by the Clerk and shall not be kept in the public docket nor disclosed by the Clerk.

7) Defendants shall file an Answer within sixty days of the date the Clerk sends the waiver. A motion to dismiss is not an answer. The Answer should include all defenses proper under the Federal Rules. The Answer and later pleadings shall be to the issues and claims stated in this Order. An answer sets forth the Defendants' positions. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to the Answer is necessary or will be considered.

8) This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Therefore, Plaintiff does not need to mail copies of motions and other documents that Plaintiff has filed with the Clerk to Defendants' counsel. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Court. Instead, Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel files an appearance and the Court enters a scheduling order, which will provide more detailed information about the discovery process.

9) Defendants' counsel is granted leave to depose Plaintiff at his place of confinement. Defendants' counsel shall arrange the time for the deposition.

10) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to inform the Court of a change in mailing address or phone number will result in the dismissal of this lawsuit with prejudice.

11) If a Defendant fails to sign and return a waiver of service to the Clerk within thirty days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on that Defendant and will require Defendant to pay the total costs of formal service under Federal Rule of Civil Procedure 4(d)(2).

12) The Court directs the Clerk to enter the standard qualified protective order under the Health Insurance Portability and Accountability Act.

13) The Court directs the Clerk to attempt service on Defendants under the standard procedures.

ENTERED December 22, 2025.

                                             s/ *Colleen R. Lawless*
                                   _____
                                              COLLEEN R. LAWLESS
                                    UNITED STATES DISTRICT JUDGE

4:25-cv-04094-CRL   # 8   Filed: 12/22/25   Page 7 of 7